The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.   CR10-270 JCC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNG HO KIM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Michael E. Scoville, Assistant United States Attorney for said District, hereby submits this Sentencing Memorandum in the above-captioned matter.

Sung Ho Kim comes before the court for sentencing on two felony counts: Bank Fraud, in violation of 18 U.S.C. § 1344, and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.  Kim pleaded guilty to these charges on April 29, 2011. Sentencing is scheduled for Friday, July 29, 2011, at 9:00 a.m.  Due to the loss amount involved in the fraud scheme, and the number of victims, the Probation Office has calculated an advisory Sentencing Guidelines range of 33-41 months on the Bank Fraud charge.  Adding the mandatory 24-month sentence on the Aggravated Identity Theft charge, the total advisory Sentencing Guidelines range is 57-65 months.  The Probation Office is nonetheless recommending a sentence of thirty months in custody (six months

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    on the Bank Fraud charge, consecutive to 24 months on the Aggravated Identity Theft

2    charge), followed by five years on supervised release.

3          While working as an insurance agent in Federal Way, Kim abused his position by

4    stealing the identities of more than 70 clients who had entrusted their personal

5    information to the insurance agency.  He then exploited that information through opening

6    countless credit cards in his victims' names and racking up over $200,000 of

7    unauthorized charges in an identity theft crime spree spanning almost three years.

8          During his criminal conduct, Kim was given at least two clear chances to stop:

9    once, in the spring of 2008, when the Edmonds Police Department caught Kim for

10   opening unauthorized credit cards in the name of one of his first victims, C.W.; and again,

11   in the spring of 2010, when the Lynnwood Police Department caught Kim for obtaining

12   an unauthorized line of credit in the name of a later victim, B.O.  Even after these

13   encounters with law enforcement, however, Kim continued to use stolen identity

14   information to obtain unauthorized credit cards and incur unauthorized charges, until the

15   FBI finally arrested him and searched his house in August 2010.  As explained below,

16   due to the seriousness of Kim's crimes, and his disturbing tendency to persist in criminal

17   conduct even after multiple encounters with law enforcement, the government

18   recommends the Court impose a sentence of imprisonment for 57 months.

19   **I.  FACTUAL AND PROCEDURAL BACKGROUND**

20         Although Kim has no prior convictions, his involvement in criminal activity dates

21   back at least to December 2004, when he embezzled over $42,000 from Bank of America,

22   his employer at the time.  Kim admitted the embezzlement to Bank of America and was

23   terminated from employment in January 2005.  A count of embezzlement was charged in

24   the Indictment, but the government has agreed to dismiss that charge in exchange for

25   Kim's agreement to make restitution to Bank of America for the amount taken through

26   embezzlement.  (Plea Agreement ¶ 9.)

27         After being terminated from Bank of America due to the embezzlement, Kim later

28   began working as an insurance agent at Pacific Insurance Agency.  In that role, Kim had

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

access to the personal identifying information of numerous Pacific Insurance Agency clients, such as their names, Social Security Numbers, and dates of birth.  At some point, Kim began using that personal identifying information to apply for credit cards, or to apply for statements for existing credit cards to be diverted to a mailbox address controlled by Kim.  Kim then started running up unauthorized charges, including for balance transfers from credit cards Kim had previously obtained in his own name or the names of relatives.

Kim's theft of insurance client information commenced at least as early as January 2008, when Kim filed an unauthorized change of address form on behalf of C.W., a client who Kim knew would be overseas at the time.  The change of address form diverted C.W.'s mail to a private mailbox controlled by Kim.  Kim then obtained credit cards, in C.W.'s name, from American Express and Discover, which Kim used to incur unauthorized charges.

When C.W. returned from overseas, he discovered the identity theft and filed a police report.  Because Kim had used his own real name and identification to open the private mailbox, investigators from the Edmonds Police Department quickly identified Kim as the primary suspect in the theft of C.W.'s identity.  While C.W. ultimately declined to press charges after Kim's relatives agreed to repay the fraudulently obtained amounts, the Edmonds Police Department notified the Washington State Office of Insurance Commissioner, which ultimately revoked Kim's license to practice as an insurance agent.   In July 2008, in an email to an investigator for the Office of Insurance Commissioner, Kim apologized for stealing C.W.'s identity and promised that "[t]his will never happen again," and that he would "never do something that [would] jeopardize [his] family and [his] career as an insurance agent."

Despite Kim's promises to reform, his criminal conduct continued unabated. Using identity information stolen from Pacific Insurance Agency, he continued to open up fraudulent lines of credit and rack up unauthorized charges for the next two years. With respect to the conduct charged in Count Four in particular, in June 2009, Kim took

the personal identifying information of insurance customer B.O., and used it to apply for a new Bank of America credit card in B.O.'s name. When the credit card application was approved, Kim then used convenience checks, drawn on the account, to pay balances on another unauthorized account Kim had opened in his mother-in-law's name.

In February 2010, B.O. learned of the fraudulent Bank of America credit card and reported it to the Lynnwood Police Department (LPD). A LPD detective then began to investigate, identified Kim as a suspect, and found reports of Kim's previous fraudulent conduct. When confronted by the detective in early March 2010, Kim ultimately admitted stealing several additional customers' identifying information.

The LPD detective then contacted several financial institutions, in an attempt to identify how many people Kim had victimized through identity theft. After finding more than 50 such victims, the detective referred the case to the FBI. Meanwhile, even after being confronted by the LPD detective, Kim continued to rack up additional charges on further unauthorized lines of credit.

On August 19, 2010, the FBI arrested Kim and executed a search warrant at his residence in Bothell, Washington. During the search, FBI agents found folders, kept by Kim in his car trunk, with identity profile information for over 70 victims. In many cases, next to the identity profile information, Kim had made notes regarding accounts he had opened up and charges he had incurred in these victims' names. For example, on one of the sheets of identity profile information, Kim had written "$4,900" next to the identity profile information for B.O., the victim whose complaint had triggered the investigation by the Lynnwood Police Department.

By following up with financial institutions to inquire whether any fraudulent accounts or charges had been opened in the names of the victims whose identity information Kim possessed, a financial analyst with the FBI has identified hundreds of fraudulent transactions. These fraudulent transactions span almost three years, from September 2007 until August 2010, and have caused losses (mainly to financial institutions) exceeding $250,000.

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

On April 29, 2011, Kim pleaded guilty to two felony counts contained in an indictment: Count Four, charging him with Bank Fraud; and Count Five, charging him with Aggravated Identity Theft.  The Bank Fraud charge is punishable by imprisonment for up to 30 years.  The Aggravated Identity Theft charge carries a mandatory sentence of imprisonment for two years, consecutive to any time imposed on the Bank Fraud charge.

## II.    SENTENCING GUIDELINES ANALYSIS

The government concurs with the Probation Office's Guidelines calculations.  In particular, on Count Four, Bank Fraud, the government agrees that the advisory Sentencing Guidelines range is 33-41 months, based on a Criminal History Category of I and a total adjusted offense level of 20, calculated as follows:

| | |
|---|---|
| **Base** | 7 |
| **Loss Amount (more than $200,000)** | +12 |
| **Number of Victims (more than 50)** | +4 |
| **Acceptance of Responsibility** | -3 |
| **TOTAL** | **20** |

On Count Five, Aggravated Identity Theft, there is a mandatory sentence of 24 months, which must run consecutive to the sentence on Count Four.  Under USSG § 2B1.6, moreover, the Sentencing Guidelines range on Count Five is 24 months. Accordingly, the total advisory Sentencing Guidelines range for the pending offenses is 57-65 months of imprisonment.

In addition, the government notes that under 18 U.S.C. § 1028(a)(3), the Court is required to determine the sentence for Count Four without reducing it to account for the mandatory 24 months on Count Five.  In particular, the Aggravated Identity Theft statute provides that "in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section."  18 U.S.C. § 1028(a)(3).

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## III.   SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), together with the advisory Sentencing Guidelines range, the government recommends that the Court impose a sentence of imprisonment for 57 months, followed by five years of supervised release.

### A.   Term of Imprisonment

#### 1.   The Nature and Circumstances of the Offense

The offenses at issue are very serious.  Kim stole a large amount of customer identity information from his employer and then used it repeatedly, over a time period spanning almost three years, to open up fraudulent credit card accounts and incur unauthorized charges.  This conduct violated the trust of Kim's insurance agency employer and of his insurance agency clients.  It put his victims at risk of suffering adverse consequences, and ruined credit, due to delinquent debts Kim created without those victims' knowledge.  It caused several financial institutions to sustain large losses, over $250,000 total, from charged-off amounts representing money Kim spent in the names of others but did not repay.

When Kim's victims discovered that accounts had been opened without their knowledge, they then were forced to spend substantial time trying to clear up their records.  One victim, H.K., has described his plight to the court as follows:

> While I called BofA several times about what happened (ID Fraud), they just answered it was under investigation without clear answer.  After that, there were 3 more increased amounts of bills with extra charge.  Until I received the letter in which the case was solved . . ., I really had hard times for 8 months . . . .

Recognizing that he might not be the only victim, H.K. also expressed that he was "not comfortable thinking that there were lots of victims like me."

Kim's conduct is rendered more disturbing by his willingness to persist in criminal activity even after multiple experiences of being caught, including confrontations with law enforcement.  From his termination at Bank of America due to embezzlement in early 2005, to his loss of his insurance agent license in 2008, to his first encounter with the Lynnwood Police Department in Spring 2010, Kim had many chances to learn his lesson

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

but never did.  Had he made good on his July 2008 words to the Office of Insurance Commissioner, promising that "[t]his will never happen again,"  his case likely would never have attracted the attention of federal law enforcement.  Instead of taking this chance to reform himself, however, Kim continued to victimize further clients.  Indeed, the bulk of the loss in this case occurred after Kim wrote his empty words to the Office of Insurance Commissioner in July 2008.

### 2.      The History and Characteristics of the Defendant

The defendant is a 34-year-old citizen of the United States who graduated from a local area high school and had the opportunity to study for several years at the University of Washington.  While the defendant ultimately terminated his university studies without receiving a degree, he has been able to find several jobs that could have provided long-term career opportunities, such as his job at Bank of America and his later job at Pacific Insurance Agency.

The defendant has a wife and two young children, all of whom will no doubt suffer greatly as a result of the defendant being incarcerated.  Fortunately, the defendant and his family appear to enjoy strong support from his wife's parents, who live nearby and have provided much-needed assistance to Kim and his wife.  PSR ¶ 47.

It appears that the defendant witnessed significant domestic abuse while he was growing up.  In particular, the defendant's father often became upset about issues involving money and the family business, and resorted to yelling, throwing things, and slapping Kim's mother and older brothers.  PSR ¶ 44.  A psychologist who has examined Kim has opined that these experiences left Kim with Post-Traumatic Stress Disorder that causes Kim to suffer from "serious impairment in decision making when under stress" and "difficulty with finances."  PSR ¶ 51.

While these unfortunate episodes of abuse may have contributed in some way to Kim's conduct, they do not fully explain or justify Kim's repeated exploitation of others' identity information to incur fraudulent charges.  Kim had sufficient education and

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

opportunity to know better, but repeatedly chose a seemingly easy way out of his problems, even after being given multiple chances for lenient treatment.

### 3. Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct

In determining the sentence, the Court should consider that many professionals, like Kim, have access to identity information that could be exploited for personal gain. The sentence imposed here should be substantial enough to deter such professionals from abusing their access to identity information, either through active exploitation or through sale on the black market.

In addition, Kim's history demonstrates that a significant custodial sentence is necessary to impress upon him the seriousness of the crimes he has committed. Otherwise, there is a substantial danger that Kim will reprise criminal activity at some point in the future, just as he has reprised criminal activity quickly after every previous encounter with law enforcement.

***

Taking into account the factors set forth in 18 U.S.C. § 3553(a), as discussed above, and bearing in mind the total advisory Sentencing Guidelines range of 57-65 months, as calculated by the government, the government recommends the Court impose a sentence at 57 months. Such a sentence would appropriately account for the long-term, deliberate nature of Kim's criminal conduct, and would function as an effective deterrent to others who might similarly be tempted to abuse their access to personal identifying information in order to enrich themselves.

### B. Supervised Release

The government agrees with the Probation Office that a term of supervised release of five years is appropriate. The government further concurs with the conditions of supervised release recommended by the Probation Office.

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

C.      **Restitution**

The Court should also order Kim to make restitution.  Although the Plea Agreement deliberately left the issue of restitution open, the FBI's financial analysis, based on a review of numerous records obtained by subpoena from financial institutions, indicates that Kim's conduct resulted in the following actual losses for which restitution should be ordered: $5,196.63 to American Express; $253,790.00 to Bank of America (including restitution of $38,462.06 arising from the embezzlement incident in December 2004); and $27,072.60 to Discover Card.  The defense has reviewed the financial analysis and the underlying financial materials, made numerous comments that have been incorporated, and agrees with the requested restitution amounts.

Dated this 25th day of July, 2011.


Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/ Michael Scoville*
MICHAEL E. SCOVILLE
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington  98101
Telephone:    (206) 553-7970
Facsimile:     (206) 553-0755
Email: michael.scoville@usdoj.gov

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record for the Defendants.

/s/ Michael E. Scoville
MICHAEL E. SCOVILLE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2465
Fax:    206-553-0755
E-mail: michael.scoville@usdoj.gov

GOVT'S SENTENCING MEMORANDUM/
*U.S. v. SUNG HO KIM*, CR10-270 JCC - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970